# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Clarence S.,**
**Petitioner Below, Petitioner**

**v.)  No. 24-207** (Fayette County CC-10-2023-C-141)

**Jonathan Frame, Superintendent,**
**Mt. Olive Correctional Complex and Jail,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clarence S. appeals the March 14, 2024, order of the Circuit Court of Fayette County summarily denying the petitioner's second petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court erred in denying his second habeas petition following this Court's affirmation of the summary denial of his first habeas petition in *Clarence S. v. Ballard*, No. 14-0356, 2014 WL 6607863 (W. Va. Nov. 21, 2014) (memorandum decision). Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In May 2007, the petitioner was indicted on five counts of second-degree sexual assault in violation of West Virginia Code § 61-8B-4, and five counts of sexual abuse by a custodian in violation of West Virginia Code § 61-8D-5. The charges involved K.W., the twelve-year-old daughter of the petitioner's girlfriend. At the November 2007 plea hearing, petitioner admitted that he was K.W.'s custodian at the time of the offenses. The petitioner entered a guilty plea to three counts of sexual abuse by a custodian in exchange for the State's dismissal of the remaining counts of the indictment. The petitioner admitted that he had engaged in sexual relations with K.W. by (1) performing oral sex on K.W.; (2) having K.W. perform oral sex on him; and (3) engaging in vaginal intercourse with K.W. The petitioner indicated that he was satisfied with the performance of his trial counsel and did not object when counsel informed the circuit court that counsel had received the State's discovery and had discussed it with petitioner. In December 2007, the circuit court sentenced the petitioner to three consecutive terms of ten to twenty years of incarceration. This Court refused the petitioner's criminal appeal in June 2010.

---

[1] The petitioner is self-represented. The respondent appears by Attorney General John B. McCuskey and Senior Assistant Attorney General Michele Duncan Bishop. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

1

In 2013, petitioner filed his first habeas petition raising the following issues: (1) trial counsel provided ineffective assistance because counsel failed to adequately investigate the petitioner's case and gave erroneous advice as to whether the petitioner should accept a plea agreement; (2) medical records that were part of the State's discovery constituted newly discovered evidence as counsel did not discuss these records with the petitioner; (3) K.W.'s mother coached her; (4) the circuit court erred in giving the petitioner a harsher sentence merely because his brother was a registered sex offender;[2] and (5) the indictment contained illegal counts because the petitioner was not K.W.'s custodian at the time of the offenses. The circuit court summarily denied the first habeas petition, finding that the first petition, as filed, "and the record in this matter, are sufficient for the [c]ourt to conduct a fair and thorough adjudication of the matters raised without an evidentiary hearing and without the appointment of counsel[.]" *Clarence S.*, 2014 WL 6607863, at *2 (quoting circuit court order). In *Clarence S.*, this Court adopted the circuit court's findings disposing of the petitioner's grounds for relief and affirmed the denial of the first habeas petition. *Id.* at *3; *see* Syl. Pt. 1, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973) (A court may deny a habeas petition without a hearing or appointment of counsel if the record shows that the petitioner is entitled to no relief.).

In December 2023, petitioner filed his second habeas petition raising the following issues: (1) trial counsel provided ineffective assistance because counsel failed to adequately investigate medical reports and conflicting police reports; (2) medical records from December 2006 (before the November 2007 plea hearing) constituted newly discovered evidence; (3) K.W.'s mother coached her; and (4) the petitioner's consecutive sentences violated double jeopardy because his criminal conduct was one continuing transaction. The circuit court found that while worded "slightly different[ly]," the first three grounds for relief in the petitioner's second habeas petition were "[materially] identical to the [first three] issues raised, argued, and fully adjudicated by this Court previously in the . . . habeas [proceeding in *Clarence S.*]." After reviewing the indictment, the circuit court rejected the petitioner's double jeopardy claim as this Court has held that "[w]here a defendant commits separate acts of our statutorily defined term 'sexual intercourse' in different ways, each act may be prosecuted and punished as a separate offense."[3] Syl. Pt. 2, *State v. Carter*, 168 W. Va. 90, 282 S.E.2d 277 (1981). Therefore, on March 14, 2024, the circuit court summarily denied the second habeas petition, concluding that the record was sufficient for the adjudication of the second petition without holding an evidentiary hearing or appointing counsel. The petitioner now appeals the circuit court's order. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

---

[2] During the petitioner's psychological evaluation, the evaluator felt that the petitioner deliberately attempted to deceive the evaluator as the petitioner failed to disclose that he was living with a brother, who was a registered sex offender. The evaluator concluded that the petitioner's potential for effective treatment was poor.

[3] West Virginia Code § 61-8B-1(6) defines "sexual intercourse" as "any act between persons involving penetration, however slight, of the female sex organ by the male sex organ or involving contact between the sex organs of one person and the mouth or anus of another person."

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting *Perdue*, 156 W. Va. at 467, 194 S.E.2d at 658, Syl. Pt. 2)). Accordingly, we find that the circuit court did not abuse its discretion in summarily denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan